Plaintiff Richard Francisco-Arnold (appearing pro se) considers himself the originator of what he conceives to be a revoluntionary and significant theory for energy conservation, which he calls Project Oceana. This theory is not patented but he asserts it is confidential and a trade secret. The bare undisputed facts (which are all we need state for present purposes) are that he got in touch in 1975 with the United States Energy Research and Development Administration (ERDA) (later the Department of Energy) to present his proposal. ERDA considered the matter but rejected the project as unfeasible. Plaintiff then made various administrative claims, apparently based on the assertions that the Federal Government had improperly rejected his plan, had converted it, breached a contract with him as well as a pledge of confidentiality, and conspired against him to prevent his receiving the fruits of the proposal. These administrative claims were unsuccessful.
In September 1976 plaintiff filed pro se a complaint against the United States in the United States District Court for the Southern District of New York; this prolix complaint was based on the circumstances we have just outlined. The Government moved to dismiss the complaint as violating the pleading requirements of Rule 8, Fed. R. Civ. P. The District Court held an oral hearing at which Mr. Francisco-Arnold explained and discussed his contentions. The court then decided that the complaint was incomprehensible, that the oral hearing convinced the court that plaintiff had no claim enforceable in the District Court, and that he was unable to state one. The complaint was dismissed with prejudice (in January 1979). This order was affirmed by the Second Circuit in December 1979 "for the reasons given in” the District Court’s opinion.
Plaintiff then filed the present petition, making almost identically the same claims as he had in the District Court. *638 Defendant moves for summary judgment in its favor. Plaintiff cross-moves for summary judgment. We agree with defendant.
First, to the extent that the claims of the current petition reiterate those before the District Court, the doctrine of res judicata (claim preclusion) bars those claims which were within the District Court’s jurisdiction. Lawlor v. National Screen Service, 349 U.S. 322, 326-27 (1955). These include the varied charges of tortious conspiring and fraud, conversion and wrongful governmental refusal to fund plaintiffs project.
Second, in addition these and other tort claims are beyond this court’s jurisdiction. See 28 U.S.C. §1491; Benjamin v. United States, 172 Ct. Cl. 118, 128, 348 F.2d 502, 510-11 (1965).
Third, any non-tort claims plaintiff may have are either plainly meritless on the record before us, or barred by the District Court’s specific findings in the prior adjudication. After a hearing the ERDA Contract Adjustment Board expressly held that there was no contract, express or implied, to use or fund plaintiffs project. Mr. Francisco-Arnold offers us nothing substantial to contradict this finding. We must therefore accept it. Moreover, the District Court found that the Government had not used plaintiffs ideas; that factual finding is binding on us under collateral estoppel (issue preclusion). See Lawlor v. National Screen Service, supra. The same is true of the District Court’s specific finding that plaintiff had no evidence to show that the Government had breached any pledge of confidentiality-
For these reasons, and without oral argument,[1] we grant defendant’s motion for summary judgment, deny plaintiffs motion for summary judgment, and dismiss the petition.

 We see no need to appoint counsel for plaintiff (as he requests), assuming that we can do so.